MAURICE A. QUINN et al., Appellants, v. CALBERT I. BEAN et al., Respondents. — Plaintiffs have appealed from a judgment dismissing their complaint on the merits. The action is brought by the plaintiffs to restrain defendants from continuing the business of purchasing from dealers in livestock, promissory notes taken by them for the purchase price of the stock sold and chattel mortgages given by the purchasers to the dealers to secure the payment of the notes; for an accounting to determine the profits derived from such business, a decree directing the payment of any profits to the plaintiffs and a judgment for damages both actual and punitive. The theory of the action is that the plaintiffs originated, created and devised an original, novel, useful and valuable plan, method, device and idea for conducting the business of financing dairy cow purchases by farmers; that the alleged plan has not been published; that it was disclosed to the defendants in confidence upon the promise and agreement of the defendants not to use or reveal it unless they compensated the plaintiffs therefor and that in violation of said agreement the defendants have used it to their profit and failed and refused to account for or pay the plaintiffs any part of such profits. The trial court found that plaintiffs did not originate or discover a new and novel idea which was valuable and which was reduced to concrete form so as to give them a property right therein and that plaintiffs never communicated such an idea to defendants in confidence pursuant to any agreement whereby they were to be compensated if it were used. The evidence sustains the findings. Judgment affirmed, with costs. All concur. [See 271 App. Div. 759.]

In the Matter of LEO I. NEWMAN, Petitioner, against BOARD OF REGENTS OF THE UNIVERSITY OF THE STATE OF NEW YORK, Respondent.— This is a proceeding under article 78 of the Civil Practice Act to review a determination of the Board of Regents which suspended petitioner's license as a physician for a period of two years. Petitioner was charged with two offenses: (1) That on January 30, 1942, he agreed to procure and perform a criminal abortion on one Gertrude Datz; (2) that in March, 1944, he procured a criminal abortion to be performed upon one Antoinette O'Connor by Dr. Louis Leventhal. Petitioner admitted the truth of the second charge, and upon conflicting testimony he was found guilty of the first charge. He was accorded a fair hearing and no prejudicial errors were committed against him. Only questions of fact are involved and the determination is not against the preponderant weight of evidence. Determination confirmed, without costs. All concur.